# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:13CR00002-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| STEPHEN ALEXANDER FRITZ, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Stephen Alexander Fritz, a federal inmate sentenced by this court, seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive by USSG § 1B1.10(d).

Fritz filed a pro se motion seeking this relief on February 9, 2015. The motion was denied by Order entered February 20, 2015, on the ground that Fritz is ineligible for a sentence reduction because he was sentenced as a Career Offender, rather than with reference to the drug guideline ranges. No appeal was noted, but on April 16, 2015, a second motion was filed on Fritz's behalf by present counsel,

in which additional legal arguments were presented. On April 21, 2015, counsel filed an amended motion, adding exhibits relating to Fritz's accomplishments while in prison. The government was given an opportunity to file a response, but has declined to do so, and the motion and amended motion are thus ripe for decision.

While the prior denial of relief is a sufficient basis to deny the latest motions, in light of the fact that Fritz's original motion was presented without the benefit of counsel, I will consider the new legal grounds asserted. In the end, however, I continue to find that Fritz is ineligible for a reduced sentence.

I.

Fritz contends that he is eligible for a sentence reduction despite having been sentenced as a Career Offender. Further, Fritz contends that he should receive a new sentence comparably below the amended guideline range to his prior, below-guidelines sentence on the ground that he substantially assisted the government, despite not having received a government-sponsored substantial assistance motion. Because USSG § 1B1.10 does not permit sentence reductions where the offender was sentenced as a Career Offender, nor does it permit a reduction below the amended guidelines on the basis of substantial assistance absent a government-sponsored motion, I find that this court has no authority to

reduce Fritz's sentence. Therefore, the motion for a sentence reduction must be denied.

On October 3, 2013, following Fritz's guilty plea pursuant to a written plea agreement, I sentenced him to a 108-month prison term for conspiring to possess with the intent to distribute oxycodone, a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Fritz's Base Offense Level under the drug offense guidelines was 32. Due to his prior felony convictions, Fritz was designated a Career Offender and sentenced under the Career Offender guideline, with a Base Offense Level of 32. *See* USSG § 4B1.1(a). With adjustments for acceptance of responsibility, Fritz's Total Offense Level was 29, with a Criminal History Category of VI, resulting in an advisory imprisonment range of 151 to 188 months. At sentencing, I varied below the guideline range, and sentenced him to 108 months imprisonment. (Statement of Reasons, ECF No. 185.) Had Fritz not been sentenced as a Career Offender, but under the drug guidelines, his Criminal History Category would have been IV, with an advisory imprisonment range of 121 to 151 months. USSG, ch. 5, pt. A, Sentencing Table.[1]

---

[1] A Career Offender status applies where a defendant is at least 18 years old, the instant offense is either a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). The Criminal History Category in every case of a Career Offender is VI. *Id.* § 4B1.1(b). Fritz had two prior predicate controlled substances convictions, one in 2002 and one in 2004. (Presentence Investigation Report ¶¶ 36, 37, ECF No. 189.)

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the Sentencing Guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in USSG § 2D1.1. Fritz now seeks a reduction in sentence based upon a two-level reduction in his Base Offense Level to 27, but with the Career Offender Criminal History Category of VI, which produces a sentencing range of 130 to 162 months. He suggests that because his actual sentence was below that recalculated range, he should receive a "comparable reduction" to 93 months. (Amended Mot. 3, ECF No. 248.)

Section 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," but instead "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (internal quotations and alterations omitted). Sentence reductions pursuant to § 3582(c)(2) involve a two-step inquiry. The "court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 826. Regarding the first step, "[a] reduction under § 3582(c)(2) "'is not authorized' if an amendment 'does not have

the effect of lowering the defendant's applicable guideline range.'" *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) (quoting USSG § 1B1.10(a)(2)(B)).

It is settled that defendants sentenced under the Career Offender guidelines are not eligible for sentence reductions pursuant to amendments to the drug guidelines. *Id*. ("[A] district court lacks the authority to grant a motion for a reduced sentence under [the applicable amendment] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."). In this case, Fritz's "applicable guideline range was predicated on . . . the Career Offender Provision . . . rather than on the [drug] Guidelines, such that [the applicable amendment] had no impact on the ultimate sentence." *Id.* In other words, Fritz is not eligible for a sentence reduction because he was sentenced as a Career Offender, and Amendment 782 does not affect the Career Offender guidelines.[2]

Fritz argues that the operation of the Career Offender guideline in drug cases is irrational and in violation of the Equal Protection Clause, because it results in disparate, unfavorable outcomes for African Americans. While any such disparate outcomes are surely lamentable, Fritz has not presented any evidence that these outcomes are due to constitutionally suspect motives, or that similarly situated

---

[2] Fritz argues that the limiting language of USSG § 1B1.10 should not be enforced because 18 U.S.C. § 3582(c)(2) provides broad authority for the court to reduce sentences pursuant to guideline amendments. However, this argument is foreclosed by the *Dillon* decision, which unequivocally held that the policy statements issued by the Sentencing Commission in § 1B1.10 are binding. 560 U.S. at 829-30.

-5-

white defendants have received favorable treatment. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996) (holding that to show equal protection violation, defendant must show that policy "had a discriminatory effect and that it was motivated by a discriminatory purpose"). To the contrary, the use of criminal history to determine a just sentence is accepted as part of the sentencing guidelines, which assign a Criminal History score to calculate defendants' sentences, and in the sentencing factors articulated in 18 U.S.C. § 3553(a)(1), which include the "history and characteristics of the defendant." It is certainly not irrational for the guidelines to suggest an even higher sentence for those convicted of two or more similar and serious crimes.

II.

Additionally, Fritz contends that he is eligible for a sentence reduction below the amended guideline range based on his substantial assistance to authorities. However, § 1B1.10(b)(2) forbids the court from reducing a defendant's sentence to a term of imprisonment less than the minimum of the amended guideline range, unless the defendant originally received a downward departure based on the government's motion to reflect the defendant's substantial assistance to authorities. Fritz did not receive a government-sponsored substantial assistance motion, and the plain language of § 1B1.10(b)(2) limits the court's authority to reduce sentences below the amended guideline range to defendants

who have received such a motion.[3]  In any event, Fritz's argument is inapposite because he does not qualify for any sentence reduction, much less one below the amended guideline range.

III.

For these reasons, it is **ORDERED** that the Motion and Amended Motion to Reduce Sentence (ECF No. 246, 248) are DENIED.

ENTER:  April 29, 2015

/s/  James P. Jones
United States District Judge

---

[3]  Fritz contends that the limitations in USSG § 1B1.10(b)(2) should not be enforced.  He claims that distinguishing between defendants who provided substantial assistance to authorities based on whether or not they received a government-sponsored motion would be arbitrary and irrational, and thus violate the defendants' equal protection rights under the Fourteenth Amendment.  This very distinction, however, is regularly upheld in the sentencing context, on the basis that the government retains the discretion to file a substantial assistance motion absent some unconstitutional motive. *See, e.g.*, *Wade v. United States*, 504 U.S. 181, 185-86 (1992) (holding that court has no authority to depart downward at sentencing under 18 U.S.C. § 3553(e) on basis of substantial assistance absent government-sponsored motion, and may only review government decision for unconstitutional motive); *Harris v. United States*, 629 F. Supp. 2d 563, 565 (N.D.W. Va. 2009) (holding that court cannot grant sentence reduction under Federal Rule of Criminal Procedure 35(a) without government motion for substantial assistance).  In any event, it is certainly not arbitrary to condition the reduction on the government's motion, since the government is most able to determine whether the defendant has assisted it.