# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:13CR00002-001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STEPHEN ALEXANDER FRITZ,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Stephen Alexander Fritz, Pro Se Defendant.*

The defendant, Stephen Alexander Fritz, has filed a motion pursuant to 28 U.S.C. § 2255.  After consideration of the United States' Motion to Dismiss, I find that Fritz's motion must be dismissed.

The defendant was sentenced by this court on October 3, 2013, to 108 months imprisonment after pleading guilty to a drug trafficking offense.  His sentencing guideline range was calculated based upon his status as a "career offender" pursuant to U.S. Sentencing Guidelines Manual ("USSG" or "Guidelines") § 4B1.1.  Fritz's imprisonment range applying the career offender guideline was determined to be 151 to 188 months and his ultimate sentence was the result of a downward variance from that range.

Under § 4B1.1(a) of the Guidelines, a career offender is defined as an offender at least 18 years old whose offense of conviction is a felony that is either a crime of violence or a controlled substance offense and who has at least two prior felony convictions of either a crime of violence or a controlled substance offense. A defendant determined to be a career offender normally receives enhanced scoring of the offense level and criminal history category otherwise determined under the Guidelines. At the time the defendant was sentenced, § 4B1.2(a) of the Guidelines, in relevant part, defined a crime of violence as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." USSG § 4B1.2(a)(2) (2012) (emphasis added). The italicized language is referred to as the residual clause.[1]

On June 26, 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the nearly identical residual clause in the violent felony definition of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.

On June 2, 2016, the defendant signed the present motion pursuant to 28 U.S.C. § 2255, contending that his sentence was unconstitutional under *Johnson*.

---

[1] In 2016, the Sentencing Commission adopted an amendment removing the residual clause from § 4B1.2(a). USSG Amend. 798 (Aug. 1, 2016).

While the issue was the subject of conflicting decisions by federal courts, the Supreme Court lately resolved the matter in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), holding that *Johnson's* vagueness analysis does not apply to the residual clause in § 4B1.2(a)(2). Moreover, because Fritz's predicate offenses for his career offender status were drug crimes and not violent felonies, *Johnson* does not apply in any event and the one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1) bars his motion. For these reasons, the defendant's § 2255 motion must be dismissed.

A separate final order will be entered forthwith.

DATED: May 15, 2017

/s/ James P. Jones
United States District Judge